```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KELLY KEEFE,

                    Plaintiff,
                                            MEMORANDUM & ORDER
         -against-                          13-CV-4447 (JS)(AKT)

JUDGE HOPE ZIMMERMAN OF THE STATE
SUPREME COURT OF NEW YORK, JUDGE
DANIEL PALMIERI OF THE STATE
SUPREME COURT OF NEW YORK, FRANK
MORONEY, SCOTT BANKS, AMANDA
CARLSON ESQ., MICHAEL LOFRUMENTO
ESQ., WILLIAM KEEFE, and AMY
WAHMANN,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Kelly Keefe, pro se
                   260 Whitehall Street
                   Lynbrook, NY 11563

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On August 6, 2013, pro se plaintiff Kelly Keefe ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Judge Hope Zimmerman of the State Supreme Court of New York ("Judge Zimmerman"), Judge Daniel Palmieri of the State Supreme Court of New York ("Judge Palmieri"), Frank Moroney ("Moroney"), Scott Banks ("Banks"), Amanda Carlson, Esq. ("Carlson"), Michael LoFrumento, Esq. ("LoFrumento"), William Keefe ("Keefe"), and Amy Wahmann ("Wahmann" and collectively, "Defendants"). Plaintiff's Complaint is accompanied by an

application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that the Plaintiff's financial status qualifies her to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED.

BACKGROUND[1]

Plaintiff alleges that Defendants violated her equal protection, due process, and 14th Amendment rights in connection with a matrimonial case (the "State Court Action"). Specifically, the Complaint states as follows:

> 1. Defendant Judge Palmieri allowed Defendant William Keefe to repeatedly make baseless allegations and statements that were never proven as fact and adverse to my character and which became material to the order of July 1st 2013 that permanently deprived me of custody of my three minor children.
>
> 2. Removal of my children per the order of July 1st 2013 was not based on factual evidence against me but the temperament of Judge Palmieri, [w]hich denies me of equal protection guaranteed by the United States Constitution.

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

> 3. Defendant Judge Hope Zimmerman did not rule on or enforce a stipulation of support signed during the period of June to October 2012. This enforcement was necessary to preserve my right of due process and equal protection.
>
> 4. Defendant Judge Palmieri insisted on granting Defendant William Keefe an[] order of support even though Defendant Keefe stated that he would waive such support.
>
> 5. To date Defendant William Keefe is granted an order of support while I was never granted one by Judge Palmieri as custodial parent.
>
> 6. Defendant Amy Wahmann, a Federal Employee of Homeland Security and live-in girlfriend of Defendant William Keefe, personally told me numerous times prior to Judge Palmieri's order of July 1, 2013 that she was "going to have my children taken away from me and that she would make sure of that with any and all authority that she has."
>
> 7. As a result of the actions of the above Defendants I am and continue to be harmed.

(Compl. ¶¶ 1-7.)

Plaintiff seeks "[a]n order from this Court voiding all judgments, decisions and orders" that the state court has entered in her state court matter, and "[a]n order restraining all Defendants from the transfer, sale, or liquidation of their assets pending decision of this matter." (Id. at 2.) She also seeks $12,000,000 (twelve million dollars) in punitive and compensatory damages (Id.)

DISCUSSION

I. Application to Proceed In Forma Pauperis

Upon review of Plaintiff's declaration in support of her application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies her to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

A district court is required to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). As stated earlier, at the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010), aff'd. --- U.S. --

4

--, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing Iqbal, 556 U.S. 662). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Id.; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497,

5

1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. See Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199 (2d Cir. 2010). With these standards in mind, the Court considers the Plaintiff's claims.

A. <u>Claims Against Judges Zimmerman and Palmieri</u>

Plaintiff seeks to sue New York State Supreme Court Judge Zimmerman and Judge Palmieri who were involved in the underlying State Court Action. However, Judges Zimmerman and Palmieri are entitled to absolute judicial immunity. It is well-settled that judges have generally been accorded absolute immunity for damages arising out of judicial acts performed in their judicial roles.

See Mireles v. Waco, 502 U.S. 9, 11–12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("[J]udicial immunity is an immunity from suit . . . [and] the immunity is overcome only in two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.") (internal citations omitted); see also Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir. 1990) ("A judge defending against a [s]ection 1983 suit is entitled to absolute immunity from damages for actions performed in his judicial capacity.") (internal citations omitted). In addition, the Federal Courts Improvement Act ("FCIA"), Pub.L. No. 104-317, 110 Stat. 3847 (1996), § 309(c) bars injunctive relief in any Section 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Id. § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983); see also Huminski v. Corsones, 396 F.3d 53, 74 (2d Cir. 2005); Guerin v. Higgins, 8 F. App'x 31, 32 (2d Cir. 2001).

Here, even liberally construing the Complaint, Plaintiff alleges no acts performed by Judges Zimmerman and Palmieri that fall outside the scope of absolute judicial immunity. Rather, Plaintiff complains that Judge Palmieri allowed Keefe to make

7

unproven statements in court that slighted Plaintiff's character, based his decision in the case upon his own temperament, and granted Keefe an order of support which Keefe was willing to waive. (Compl. ¶¶ 1-2, 4.) Plaintiff also complains that Judge Zimmerman did not rule on or enforce a necessary stipulation of support. (Id. ¶ 3.) Hearing evidence during the course of a legal proceeding and deciding motions are certainly acts performed within a judge's "judicial capacity" and such determinations are undoubtedly entitled to absolute judicial immunity. Accordingly, Plaintiff's claims against Judge Zimmerman and Judge Palmieri are DISMISSED WITH PREJUDICE.

  B.  Claims Against Moroney, Banks, Carlson, and LoFrumento

Although Plaintiff names Moroney, Banks, Carlson, and LoFrumento as Defendants, there are no factual allegations concerning them in the Complaint. Moroney and Banks are not mentioned anywhere in the Complaint. In addition, the Complaint's only mention of Carlson and LoFrumento is a single, conclusory allegation that they assisted in the denial of Plaintiff's constitutional rights. (Compl. at 1.) Plaintiff has not provided any information as to the personal involvement of any of these four Defendants in the incidents in question. See Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y. 2007), aff'd. 368 F. App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal

involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)).

Here, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by Defendants Moroney, Banks, Carlson, and LoFrumento. Accordingly, Plaintiff's Section 1983 claims asserted against Moroney, Banks, Carlson, and LoFrumento are DISMISSED WITHOUT PREJUDICE.

C. Claims Against Keefe and Wahmann

Plaintiff also names Keefe and Wahmann as Defendants. As noted earlier, a claim for relief under Section 1983 must allege facts sufficient to establish that the defendant acted under color of state law. See 42 U.S.C. § 1983; Rae, 693 F. Supp. 2d at 223.

Plaintiff brings suit against Keefe solely in his individual capacity as the father of her three children. Wahmann, alleged to be an employee of the Federal Department of Homeland Security, is a defendant in this suit only in her personal capacity as Keefe's girlfriend. Neither Keefe nor Wahmann are alleged to be state actors.

Only in limited circumstances will courts recognize that private individuals may be subject to liability under Section 1983. "To state a claim against a private [individual] on a section 1983 conspiracy theory, the complaint must allege facts demonstrating

9

that the private [individual] acted in concert with the state actor to commit an unconstitutional act." Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (internal quotation marks and citation omitted); see also Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999) (stating that a Section 1983 conspiracy requires (1) an agreement between state and private actors; "(2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages"). Although Plaintiff alleges that Defendants Keefe and Wahmann benefitted from the State Court Action, there are no allegations in Plaintiff's Complaint of any conspiracy between Defendants Keefe and Wahmann and any state actors.

Given that Keefe and Wahmann are not state actors and are not alleged to have conspired with state actors to deprive Plaintiff of her constitutional rights or of rights secured by the laws of the United States, Plaintiff's Section 1983 claims against Defendants Keefe and Wahmann are DISMISSED WITHOUT PREJUDICE.

IV. Leave to Replead

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend the Complaint "when justice so requires." Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); see also Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). "[W]hen addressing a pro se complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (internal quotation marks and citation omitted); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

As Plaintiff's claims against Judges Zimmerman and Palmieri are barred by absolute immunity, such claims are DISMISSED WITH PREJUDICE and without leave to replead. However, because Plaintiff may plausibly raise a claim against Defendants Moroney, Banks, Carlson, LoFrumento, Keefe, and Wahmann, such claims are DISMISSED WITHOUT PREJUDICE and with leave to replead. If Plaintiff wishes to file an Amended Complaint, she must do so within thirty (30) days of the date of this Order. The Amended Complaint must be titled "Amended Complaint" and bear the same docket number as this Order, No. 13-CV-4447(JS)(AKT). Plaintiff's Amended Complaint will supercede her original Complaint. Therefore

11

all claims and allegations Plaintiff wishes to pursue should be included in her Amended Complaint. If Plaintiff does not file an Amended Complaint, her claims will be dismissed with prejudice and the case will be closed.

CONCLUSION

For the reasons set forth above, in forma pauperis status is GRANTED.

Moreover, the Complaint is sua sponte DISMISSED WITH PREJUDICE as to Defendants Judge Zimmerman and Judge Palmieri on the basis on judicial immunity.

Plaintiff's claims against Defendants Moroney, Banks, Carlson, LoFrumento, Keefe, and Wahmann are DISMISSED WITHOUT PREJUDICE and with leave to replead in accordance with this Order. Plaintiff's Amended Complaint must be filed within thirty (30) days of the date this Order is signed. If Plaintiff does not timely file an Amended Complaint, her claims against Defendants Moroney, Banks, Carlson, LoFrumento, Keefe, and Wahmann will be dismissed with prejudice, and this case will be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith

[THE BOTTOM OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November  18 , 2013
       Central Islip, New York